Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

**QIU YING LU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–1623–AG.

United States Court of Appeals, Second Circuit.

Oct. 26, 2006.

Michael Brown, New York, NY, for Petitioner.

Thomas P. Colantuono, United States Attorney for the District of New Hampshire, Aixa Maldonado–Quiñones, Assistant United States Attorney, Concord, NH, for Respondent.

Present: THOMAS J. MESKILL, JON O. NEWMAN and ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Qiu Ying Lu, a native and citizen of the People's Republic of China ("China"), seeks review of a March 22, 2006 order of the Board of Immigration Appeals ("BIA") affirming the October 25, 2004 decision of Immigration Judge ("IJ") Sandy Hom denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lu, Qiu Ying,* No. A95 918 574 (B.I.A. Mar. 22, 2006), *aff'g* No. A95 918 574 (Immig. Ct. N.Y. City Oct. 25, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, this Court reviews the IJ's decision as

the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Questions of law and the application of law to fact are reviewed *de novo. See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

The IJ found Lu not credible primarily because her testimony and the amendment to her asylum application were inconsistent with her original application regarding the events surrounding her alleged forced abortion, and Lu did not rebut the presumption under 8 C.F.R. § 1208.3(c)(2) that she was aware of the contents of her application when she signed it. The IJ's determination here is based on substantial evidence and is a reasonable basis for finding Lu not credible, because the alleged abortion involves the heart of Lu's asylum claim, *see id.* at 308 (citing *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002)). The IJ considered and reasonably dismissed Lu's explanation for these inconsistencies. *Cf. Zhi Wei Pang v. Bureau of Citizenship and Immigration Services*, 448 F.3d 102, 107–08 (2d Cir.2006).

This finding alone is sufficient for us to uphold the IJ's decision because we can confidently predict the same outcome even if the IJ's finding concerning the ID of Lu's husband is deemed flawed and disregarded. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 159–165 (2d Cir. 2006). Because the only evidence of a threat of future persecution to Lu depended upon her credibility, the adverse credibility determination in this case necessarily precludes success not only on her claim

of a well-founded fear of persecution, but also on her claim for withholding of removal on that basis. *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003). Since Lu does not raise her CAT claim in her brief to this Court, that claim is waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).